(23 Misc. Rep. 365.)

### SIEGEL v. COHEN.

(Supreme Court, Appellate Term. April 27, 1898.)

1. JURISDICTION—WAIVER OF OBJECTIONS.

Although it seems that a district court was, under Code Civ. Proc. § 2863, subd. 3; Id. § 3215, subd. 1,—without jurisdiction to entertain an action brought, under section 1837, against a surviving husband or wife, next of kin, or legatees, to recover for certain debts of the decedent, yet, if the objection was not taken on the trial, it must, under Consol. Act, § 1382, be deemed to have been waived.

2. ACTION AGAINST HEIRS—DEBTS OF DECEDENT.

In such an action, a mere showing that the defendant has appropriated the entire assets of the estate to his own use, without proof of any distribution of the assets, or any payment therefrom to defendant, or even that any letters of administration have ever been issued, does not entitle the plaintiff to a recovery.

Appeal from Fourth district court.

Action by Kive Siegel against Sarah Cohen. From a judgment dismissing the complaint with costs, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham H. Sarasohn, for appellant.
Henry L. Franklin, for respondent.

PER CURIAM. It may at least be said that there is grave doubt whether the court below had any jurisdiction to entertain this action, which is brought under section 1837 of the Code of Civil Procedure, authorizing an action to be maintained, in the manner prescribed in the article of which the section in question is a part, "against the surviving husband or wife of a decedent and the next of kin of an intestate, or the next of kin or legatees of a testator, to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which an action might have been maintained against the executor or administrator." By subdivision 3 of section 2863 of

the Code, a justice of the peace is prohibited from taking cognizance of such an action; and by section 3215, subd. 1, of the Code, the same limitation seems to be imposed upon the district courts in this city. The point, however, was not made upon the trial, nor in fact upon the argument of this appeal; and, under the peculiar provisions of section 1382 of the New York City Consolidation Act, it must be deemed to have been waived.

We think, however, that the judgment dismissing the complaint should be affirmed on the ground that the appellant, irrespective of the jurisdictional question, has not made out a cause of action entitling him to a recovery under his complaint. He has not shown that there has been any distribution of the assets of the estate of the deceased debtor, or that there has been any payment of any portion of the same to the respondent, or, indeed, that any letters of administration have ever been issued upon the estate of the deceased. At most, all that can be inferred from the testimony is that the respondent, without any legal sanction, has appropriated the entire assets of the estate to her own use. This, however, does not bring the case within the section referred to, nor entitle the appellant to a recovery under the form of action to which he has resorted. The judgment must therefore be affirmed, with costs.

Judgment affirmed, with costs.